IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES ALEXANDER MATHIESON, )
)
        Plaintiff, )
)
v. ) Civil Action No. 10-1158
)
EVELYN THERESA MATHIESON, )
)
        Defendant. )

MEMORANDUM

Gary L. Lancaster                                             April 25, 2011
Chief Judge

      This is an action to recover financial support payments under an Affidavit of Support. Mr. Mathieson alleges that Ms. Mathieson is obligated to pay him $1,517.66 per month because she promised to support him when he entered this country in 2007 as her husband. Ms. Mathieson has filed a motion to dismiss arguing that this court lacks subject matter jurisdiction over the matter, that Mr. Mathieson's claims are barred by the doctrines of claim and issue preclusion, and that venue is improper in this judicial district. We grant Ms. Mathieson's motion to dismiss because we lack subject matter jurisdiction over this case.

I.   FACTUAL BACKGROUND

Ms. Mathieson is a citizen of the United States, who resides in California. Mr. Mathieson is a citizen of the United Kingdom. In July of 2007, Ms. Mathieson completed Form I-864, an Affidavit of Support issued pursuant to the Immigration and Nationality Act by the Department of Homeland Security, so that her husband could enter the United States as a permanent resident. In that Affidavit Ms. Mathieson agreed to provide financial support to her husband so that he would not become a "public charge." The Affidavit specifically obligates Ms. Mathieson to maintain Mr. Mathieson at an income that is at least 125 percent of the Federal Poverty Guidelines. Mr. Mathieson has been in the United States since September of 2007. Since then, he has relied on Ms. Mathieson as his sole means of financial support, even after she filed for divorce. He has never obtained employment in this country.

After Ms. Mathieson left the marriage, Mr. Mathieson filed suit in small claims court in California in January of 2010, seeking financial support from Ms. Mathieson pursuant to the Affidavit of Support. Mr. Mathieson won that case and obtained support from the date Ms. Mathieson left the marriage (October 17, 2009) until

"the date of the appeal hearing" (sometime after January 19, 2010).

In March of 2010, Ms. Mathieson filed for divorce in California state court. Mr. Mathieson sought spousal support in the divorce proceedings and asked the California court to specifically enforce the Affidavit of Support. [Doc. No. 9-3 at 11]. There is no dispute that divorce does not terminate the obligation under the Affidavit of Support to financially provide for an immigrant. In May of 2010, the California judge awarded Mr. Mathieson $300 per month in spousal support, retroactive to April 1, 2010, as part of the divorce proceedings. In June of 2010, Mr. Mathieson moved to Pennsylvania because a friend promised him a place to stay and a job. He never obtained a job in Pennsylvania, and reports that he is unable to do so because he is "spending all of [his] time trying to find a bed on a day by day basis." [doc. no. 9-3 at 19].

While in Pennsylvania, Mr. Mathieson petitioned the California court to increase the support award. The court reconsidered the issue of spousal support at a November 9, 2010 hearing, at which Mr. Mathieson appeared telephonically, but did not increase it. Instead, the California court extended the duration of the award, which

was set to expire in April of 2011, but reduced the amount of the award to $200 per month after April 2011.

Central to both support decisions by the California court was a finding that Mr. Mathieson was capable of working. As such, the California court imputed income to Mr. Mathieson of $1,387 per month, or approximately $17,000 per year.[1] [see doc. no. 9-3 at 29]. While in the UK, Mr. Mathieson had an established career in the entertainment industry as a stage/production manager. Ms. Mathieson is an office administrator for a school district in California, earning approximately $40,000 per year.

In awarding spousal support in the divorce proceedings, the California court explicitly recognized and enforced the promise Ms. Mathieson made in the Affidavit of Support to financially support Mr. Mathieson when he entered the country. [doc. no. 9-3 at 14-15, 32-33]. In fact, the California court found that its award of spousal support, combined with the imputed income, placed Mr. Mathieson "well north of 125 percent of the federal poverty level for one person." [doc. no. 9-3 at 35].

---

[1] By comparison, a full-time job paying the federal minimum wage would result in a yearly income of approximately $14,000. A job paying the California minimum wage would result in a yearly income of approximately $15,000.

4

II. DISCUSSION

A. Motion to Dismiss

Ms. Mathieson contends that this court lacks subject matter jurisdiction over this case under the Rooker-Feldman doctrine because the California court has already decided the issue of spousal support in the context of the divorce proceedings. The Rooker-Feldman doctrine deprives federal courts of subject matter jurisdiction over a claim when: (1) the federal plaintiff lost in state court; (2) the federal plaintiff complains of injuries caused by the state court's rulings; (3) those rulings were made before the federal suit was filed; and (4) the federal plaintiff is asking the district court to review and reject the state court rulings. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). In essence, the doctrine prevents litigants who are unhappy with the results obtained in state court from coming to federal court hoping for a better outcome. Ms. Mathieson claims that Mr. Mathieson is doing exactly that, and asks that we dismiss the complaint in its entirety.

Mr. Mathieson contends that this case can proceed because he is seeking support for a period of time that has not yet been subject to litigation in California and because the California court applied California family law,

5

and not federal immigration law, in awarding spousal support. We find that both of Mr. Mathieson's arguments are flawed, factually and legally, and conclude that the Rooker-Feldman doctrine applies.

Mr. Mathieson is incorrect, as a matter of fact, that "[t]his action includes periods of time which have not been subject to litigation in any court: January 2010 – April 2010…" Comp. at ¶ 4. He is also incorrect, as a legal matter, that this case could proceed even if there were a period of time in early 2010 for which the California courts had not awarded spousal support.

As an initial matter, the May 17, 2010 order entered in the California divorce proceedings specifically states that the support order was retroactive to April 1, 2010. Therefore, contrary to Mr. Mathieson's contention, support for the month of April 2010 has been the subject of litigation in California.

Spousal support for the months of January, February, and March of 2010 has also been the subject of litigation in California, contrary to Mr. Mathieson's contention. Mr. Mathieson filed an action in California small claims court on January 19, 2010 to enforce the Affidavit of Support after Ms. Mathieson left the marriage in October of 2009. The California court awarded Mr.

6

Mathieson support in that action and found that Ms. Mathieson's payments through the "date of the appeal hearing" covered all of her then existing support obligations to Mr. Mathieson. Therefore, support from October 17, 2009 through the date of the "appeal hearing" has been the subject of litigation in California. Although we have not been provided with the date of this "appeal hearing," it must have occurred sometime after, and at the very least a few weeks after, Mr. Mathieson filed his case in small claims court on January 19, 2010. As such, there would be little to no gap between the date of the "appeal hearing" and April 1, 2010, the effective date of the award of spousal support in the divorce case.

Regardless, the fact that some time gap may exist between the "appeal hearing" and April 1, 2010 does not make the Rooker-Feldman doctrine inapplicable. The Rooker-Feldman doctrine applies not only to claims that were "actually litigated" in state court, but also to those that are "inextricably intertwined" with the state court litigation. In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005). Here, the small claims court decided that the Affidavit of Support was enforceable and determined how much money Ms. Mathieson was required to pay Mr. Mathieson thereunder. Even if the small claims court award did not

7

cover all of February and March of 2010, Mr. Mathieson's request that this court award spousal support under the Affidavit for those time periods would be inextricably intertwined with the small claims court's judgment and would fall outside the jurisdiction of this court.[2]

Mr. Mathieson next argues that this court is not precluded from hearing this case because the California court applied state family law, rather than federal immigration law, in determining an appropriate award of spousal support. Mr. Mathieson is correct that the California court considered the factors set forth in section 4320 of the California Family Code in awarding spousal support. However, the California court explicitly stated that it recognized Ms. Mathieson's obligation under the Affidavit to financially support Mr. Mathieson, and even completed the calculations necessary to confirm that its award met the income threshold established by the Affidavit. [doc. no. 9-3 at 14-15, 32-33, 35]. Mr. Mathieson has identified no "federal law" that would require a different result.

---

[2] Even if the Rooker-Feldman doctrine did not apply to the period of time, if any, between the "appeal hearing" and April 1, 2010, we would give collateral estoppel effect to the California small claims court's decision as to what amount of support should be awarded for that period of time, and would not re-litigate that question in this case.

8

Instead, Mr. Mathieson simply objects to how the California court arrived at an award of spousal support. Mr. Mathieson has asked this court to award him $1,517.66 per month pursuant to the Affidavit of Support. The California court originally awarded him $1,687 per month, comprised of $1,387 of imputed income and a $300 support payment, which was later reduced to $1,587 when the support payment became $200 after April 2011. Both amounts awarded by the California court are higher than the award he seeks in this case. Therefore, although he does not explicitly state it in these terms, Mr. Mathieson's true objection is to the California court's decision to impute income to him.

Set forth in this way, it is apparent that Mr. Mathieson, who is unhappy with the California court's decision, has come to federal court hoping that we will not impute any income to him, and will, instead, order Ms. Mathieson to pay him $1,517.66 each month. The Rooker-Feldman doctrine prohibits this.[3] Mr. Mathieson's recourse

---

[3] Although we do not reach the merits of this dispute, we are compelled to note: (1) that Mr. Mathieson is asking for an amount of support that would place him at an income level of approximately 170% of the Federal Poverty Guidelines for a family of one; (2) that we would also consider Mr. Mathieson's ability to work in arriving at an award of support under the Affidavit of Support; (3) that we do not credit his claim that he is unable to work because he spends all of his time looking for a place to sleep each night when he has sufficient time, resources, and mental acumen, to draft numerous pleadings for this case; (4) that Ms. Mathieson has alleged that Mr. Mathieson was abusive during the marriage; and (5) that the support sought by Mr. Mathieson would account for nearly half of Ms. Mathieson's income, before taxes.

is to appeal the California court's decision within the state system.

We conclude that all four requirements of the Rooker-Feldman doctrine are met in this case, thus depriving this court of subject matter jurisdiction. The California court ruled on the issue of income imputation before this case was filed, causing injuries to Mr. Mathieson in the form of a substantial decrease in the amount of money that Ms. Mathieson is required to pay him each month. He is asking this court to review and reject the California court's decision, to not impute any income to him, and, as a result, to issue an order awarding him more spousal support than the California court awarded to him. Great W. Mining, 615 F.3d at 166. Because the Rooker-Feldman doctrine applies, we dismiss this case, with prejudice.[4]

III. CONCLUSION

For the foregoing reasons, we dismiss this case for lack of subject matter jurisdiction.

An appropriate order will be entered contemporaneously with the filing of this memorandum.

---

[4] Although Ms. Mathieson's venue challenge is moot because we have no subject matter jurisdiction over this case, we note that the Central District of California would be the proper venue. 28 U.S.C. § 1391.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES ALEXANDER MATHIESON, )
)
      Plaintiff, )
)
v. ) Civil Action No. 10-1158
)
EVELYN THERESA MATHIESON, )
)
      Defendant. )

## ORDER

AND NOW, this 25 day of April, 2011, it is HEREBY ORDERED that Evelyn Theresa Mathieson's motion to dismiss [doc. no. 9] is GRANTED, with prejudice.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT,

/s/ Nora Barry Fischer, J.